BENJAMIN F. WAPLES and wife, late SUSAN HOLLAND, Administrators of ALBERT HOLLAND, deceased, *assignee of Zachariah P. Wilson, Coroner vs.* GEORGE W. ADKINS, Administrator of BENJAMIN McILVAINE, deceased.

The assignment of a replevin bond, authorized by § 2656 of the *Code,* relates to bonds taken in cases of *distress for rent.*
It does not extend to replevin bonds generally.
Suit cannot, therefore, be brought in such case, by the assignee.
But this matter is amendable, under Chapter 112 of the *Code.*
Action on a replevin bond does not abate by death.

THIS was an action on a replevin bond, executed by Benjamin McIlvaine and David R. Smith, conditioned to prosecute the replevin of McIlvaine against Albert Holland and Thomas W. Records, sheriff. [Ante. 10, 226.] The replevin was issued for the half of a vessel, the schooner Samuel R. Paynter, which had been levied on by Sheriff Records, at the suit of Albert Holland, on execution process against William Holland.

By an agreement between the parties in that suit, Thomas W. Records, sheriff, was dismissed from the case, and it was agreed that the suit should be prosecuted against Albert Holland alone. The plaintiff in replevin afterwards discontinued the suit; and this action was brought to recover on the replevin bond, for a breach of the condition thereof. Plaintiff put in evidence the record of the replevin suit, showing its discontinuance, and closed.

*Mr. Cullen* moved a nonsuit:—1. The suit is in the name of Waples and wife, as administrators of Holland, assignees of Zachariah P. Wilson, coroner, on a bond to the coroner, assigned to plaintiffs. The suit should have been in the name of the coroner, for the use of plaintiffs; as the bond is not assignable. *Code*, 2656, does not extend to replevin bonds generally, but only bonds taken in cases of rent. There is no statute authorizing the assignment of other replevin bonds; and they are not assignable at common law. It is not a money bond; but a bond with a collateral condition. (*Morris Repl.*, 200; 4 *Wend. Rep.*, 616; *Wilkenson's Repl.*, 42, 116.)

2. The suit abates by the death of the plaintiff in replevin. There can be no return. It abates also by the death of the defendant. (6 *Hill's Rep.*, 558; 1 *Pick. Rep*, 284; 6 *Bac. Ab.*, 59; 2 *Wils. Rep.*, 83; 3 *Mass. Rep.*, 328; 4 *Ibid*, 480; 1 *Comstock's Rep*,, 163; 1 *Saund. Rep.*, 195, *n. a. b.*, *&c.*) Replevin survives the death of plaintiff, but not of the defendant. *Digest*, 224, does not extend to an action on a replevin bond. The court has decided that the sheriff need not take a replevin bond in other cases, in the form prescribed by *Code*, § 2651, in cases of distress for rent. This bond is not in that form. But in all such cases, suit must be brought in the name of the officer taking the bond, *for the use of the assignee.*

*Mr. Houston.*—The action of replevin is a peculiar form of action, different in this country from the action at common law, which is confined to distress for rent. The remedy is far more extensive here. The question is to be decided by our practice. Our law regulates the action in reference to distresses for rent only; but it has been assimilated in all other cases. The analogies of the statute have been preserved and followed out. By what authority is it assumed that this is not a money bond? It is in the penalty of $12,-000; and on breach of the condition, the penalty is to be recovered at law. The statute authorizing the assignment of bonds and specialties, is not necessarily restricted to bonds absolutely for the payment of money. (*Digest*, 42; *Code*, § 1168.) The objection is merely formal; and ought to be amendable. Provision is made for the amendment. (*Code*, § 2551.)

2. On the other point, the question of abatement is settled by our Constitution, art. 6, sec. 18, and the *Code*, 2294-5. This is a personal action and *survives.*

*Mr. Cullen* replied—1. This bond is clearly not within the statute. (*Digest*, 42.) 2. The amendment suggested, if authorized by *Code*,

2515, could not be made in this case, which was at issue before the act was passed. It would be ex post facto. Such a construction of the statute would make it the means of great injustice.

*By the Court.*

HARRINGTON, *Judge.*— The action does not abate by death. It is expressly saved by the act of assembly. (*Code,* § 2295.)

The replevin bond is not taken under the act of assembly. (*Code,* 2651; 3 *Harr. Rep.,* 113, *Clark* vs. *Adair*; 4 *Ibid,* 380, *Plunkett* vs. *Moore.*) The statute provides only for the replevin bond, in case of *distress for rent*; and makes the bond *in such case* assignable. (*Code,* 2656.) In other cases the bond stands as at common law, both as regards its form and character. (4 *Harr. Rep.,* 380.) It is not assignable at common law or under *Digest,* 42. It is not a money bond; but has a collateral condition.

The plaintiffs then cannot sue as *assignees* of Zachariah P. Wilson, coroner; but must sue in the name of the coroner, though the suit may be marked *for their use.* On this ground the plaintiffs would have to be nonsuited, if the matter is not amendable.

It is conceded that the previous practice of the court has not allowed of amendments of this nature, scarcely of any amendments, after the jury is sworn. But chapter 112 of the *Revised Code* was reported and passed avowedly for reforming the law of amendments, and of conforming our practice to the recent improvements in the practice both of the English and American courts. Its object is to remove from the administration of justice the stigma, too often applicable to it, of trying technical questions, rather than merits; and deciding causes on issues apart from the objects of the suit. The illustration furnished by the present case is this. It is a suit on a replevin bond to the coroner for the use of these plaintiffs, to ascertain the defendant's liability to them for a certain vessel seized and replevied; but instead of trying this question, the whole argument has been on the question whether the action should have been brought by plaintiffs, *as assignees* of the coroner, or by the coroner, *for the use of* plaintiffs. And the motion is to nonsuit the plaintiffs—to turn them out of court, where they have been since April, 1850; and make them begin again, merely on this matter of form, not entering into the merits.

In one sense, I agree that it is more than form. The plaintiffs cannot be assignees of a bond which is not assignable, as this is not; but in reference to the real objects of this suit, and the true merits

of this cause, it is utterly immaterial whether the plaintiffs have sued as the assignees, or the cestuis que use, of the officer who took the bond. It was taken for their benefit; it was designed to secure the return of their property or its value, in case the defendants should not establish their right to it; it is the purpose of justice and the object of this suit, to try this question of defendant's liability in the matter; and that purpose ought not to be frustrated by any error, either in form or substance, that the pleadings may present. *Code*, § 2511, directs the court to allow amendments, before judgment, " either in form or substance, of any process, pleading or proceeding," and section 2515, authorizes the court to allow an amendment, even where the plaintiff has mistaken his *form of action*. There is no such mistake here ; the action is all right in form ; it is debt on a replevin bond ; the proper parties are named, but not in a proper manner; the process and pleading is improperly stated in the name of plaintiffs, as *assignees* of the coroner, instead of the coroner, *for the use of* plaintiffs.

We allow that matter to be amended on payment of costs. And we think this chapter in the new code, instead of being subject to the strictures applied to it in the argument, will be very beneficial in the administration of justice ; and in expediting the trial of causes on their proper issues.

This is not giving a retrospective operation to the Revised Code. It is a question of the power and duty of the court, in reference to amendment at this time; in a cause, *now pending*.

The case was then continued.

*Houston*, for plaintiff.

*Cullen*, for defendant.